Disney,
dissenting: I cannot agree with the conclusion reached by the majority as expressed in the first paragraph of the headnote, holding that a portion of the net proceeds from the operation of an oil and gas lease paid in accordance with the terms of the assignment requiring the assignee to pay the assignor one-fourth of the proceeds from operation, constitutes a capital expenditure and not a legal deduction from gross income. In Galatoire Bros. v. Lines, 23 Fed. (2d) 676, it was held by the Circuit Court of Appeals for the Fifth Circuit that payments comprising 50 percent of the profits of a business, under the terms of a lease, were paid for the use of rented premises for the entire term of the lease and must be prorated throughout the entire term and allowed as deductible expenses in accordance with the proration. I cannot distinguish that case, in principle, from the present proceeding and in my opinion the payment of a portion of the net profits was properly considered and reported by the petitioner as payment of rentals, for which deduction should be allowed.
Nor can I believe that section 114 (b) (3) of the Revenue Act of 1936 and Regulations 94, article 23 (m)-l (g) should be interpreted as the respondent has done. The statute, specifying the percentage of depletion to be allowed, refers to and bases same upon “the gross income from the property during the tamable year” [Italics supplied.] I think a fair interpretation of the remainder of the sentence, as to exclusion from gross income of rents or royalties paid or incurred, requires that the expression “during the taxable year” be inferred and understood to follow and modify “gross income” just as it does earlier in the sentence—in other words, that" only rents and royalties paid or incurred (by the taxpayer in respect to the property) durimg the taxable year should be excluded from gross'income in computing the 27½ percent depletion. The history of this subject indicates to me that Congress intended to simplify a previously *1319 difficult matter by allowing computation to be made only upon what was done during the taxable year, and not to complicate it by requiring consideration' of other matters such as bonus payments paid in acquiring a lease in an earlier year, necessitating allocation and apportionment as contended by the respondent. I think a more practicable, working rule was intended and that the petitioner’s view should be sustained. I therefore dissent.